**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

In re:

                                                 Chapter 7
                                Case No. 8:26-bk-05280-CED

**Brian Peter Troiano,**

     Debtor.

                                /

**U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF**
**BKPL-EG HOLDING TRUST'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with
the Clerk of Court at George C. Young Federal Courthouse,
801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 within
21 days from the date of the attached proof of service, plus an additional three days
if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either
notify you of a hearing date or the Court will consider the response and grant
or deny the relief requested in this paper without a hearing. If you do not file a
response within the time permitted, the Court will consider that you do not
oppose the relief requested in the paper, and the Court may grant or deny the
relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if
you have one. If the paper is an objection to your claim in this bankruptcy
case, your claim may be reduced, modified, or eliminated if you do not timely
file and serve a response.

     U.S. Bank Trust National Association, as Trustee of BKPL-EG Holding Trust, its successor

and/or assigns ("**Movant**"), by its undersigned counsel hereby files this Motion for Relief From the

Automatic Stay, pursuant to Federal Rules of Bankruptcy Procedure 4001 and 9014 to lift the automatic

stay imposed by 11 U.S.C. § 362 (a) for cause under 11 U.S.C. § 362 (d), to exercise its non-

bankruptcy rights with respect to certain real property mortgaged to Movant. In support thereof, the Movant states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## SUMMARY OF THE RELIEF SOUGHT

By this Motion, Movant seeks relief from the automatic stay under 11 U.S.C. § 362(a) pursuant to: (i) 11 U.S.C. § 362(d)(1), because "cause" exists as a result of Movant not receiving adequate protection for its secured interest in the real property located at *10119 Parley Drive, Tampa, FL 33626* ("**Property**") securing the obligations due and owing to Movant; or, alternatively, (ii) 11 U.S.C. § 362(d)(2), because the Debtor has little to no equity in the Property and, (ii) the Property is not necessary for an effective reorganization.

## PROCEDURAL BACKGROUND

**A.    The Prior Filing.**

3. On February 11, 2025, Brian Peter Troiano ("Debtor"), filed a Voluntary Petition for relief pursuant to Chapter 13 of the United States Bankruptcy Code (the "First Bankruptcy").  On May 14, 2026, the First Bankruptcy was dismissed for failure to make plan payments.

**B.    The Bankruptcy Filing.**

4. On June 18, 2026, Brian Peter Troiano ("**Debtor**"), filed a Voluntary Petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code [D.E. 1].

**B.      The secured interests and amounts due on the Property.**

5.   On January 12, 2018, the Debtor executed and delivered a Fixed/Adjustable Rate Note to lender Angel Oak Mortgage Solutions LLC in the original principal amount of Four Hundred Seventy-Two Thousand Five Hundred and 00/100 ($472,500.00) dollars ("**Note**") for the purchase of the Property. The amount owed to Movant is secured by that certain mortgage of even date, recorded on January 12, 2018, as Doc # 2018019634, OR Book 25494, Page 380, in the Public Records of Hillsborough County, Florida, encumbering the Property as described in the mortgage then owned by and in possession of the Debtor ("**Mortgage**").

6.   Movant is the holder of the Note and the Mortgage by virtue of those Allonges to Note and Assignment(s) of Mortgage attached to the Note and Mortgage. The Note, Mortgage, Allonges to Note and Assignment(s) of Mortgage constitute the Loan Documents (collectively, the "**Loan Documents**"). A true and correct copy of the Loan Documents are attached to this Motion as **Composite Exhibit "A, B, and C"**.

7.   The Debtor is the owner of and/or holds an interest in the Property.

**8.**   The Property is legally described as follows:

Lot 9, Block 16, WESTCHASE SECTION "323", a subdivision according to the plat thereof recorded at Plat Book 84, Page 62, in the Public Records of Hillsborough County, Florida.

9.   The Debtor has committed an Event(s) of Default for failure to pay the monthly installment payment due under the terms of the Note for the month of December 1, 2022, and all subsequent monthly payments thereafter.  Additionally, the Debtor has defaulted on the post-petition payment due for July 1, 2026.

10. A foreclosure action against the Debtor was commenced in the Circuit Court of the Eleventh

Judicial Circuit In & For Hillsborough County, Foreclosure Case No. 24-CA-003708, and which said foreclosure action ultimately resulted in the entry of a Final Judgment of Foreclosure on January 13, 2025, against the Debtor in the amount of $616,242.48 (the "Final Judgment"). A true and correct copy of the Final Judgment is attached as **Exhibit "D"**. Pursuant to the Final Judgment, the initial foreclosure sale was scheduled for February 14, 2025. The filing of the First Bankruptcy cancelled the initial foreclosure sale.

11. As of June 19, 2026, the total projected payoff through July 19, 2026 due and owing Movant was $650,624.83 which does not include the attorney's fees and costs associated with the filing of this instant Motion.

12. The estimated total assessed valuation of the Property, per the Hillsborough County Property Appraiser's Office, is $676,543.00 (the "**Valuation**"). A true and correct copy of the Valuation is attached hereto as **Exhibit "E"**. Hence, the Property has no equity after factoring in 8% – 10% for the cost of sale.

13. Furthermore, in addition to failing to maintain timely payments, the Debtor has failed to obtain homeowner's insurance as required by the Mortgage. Thus, Movant has obtained forced placed insurance on the Property in the amount of $942.05 monthly.

14. Additionally, the Debtor has also failed to maintain property taxes on the Property. Pursuant to the Hillsborough County Tax Collector's records, the 2024 taxes are delinquent in the amount of $16,151.07 and tax certificate # 476 has been issued. The 2025 taxes are delinquent in the amount of $17,571.11. A true and correct copy of the Hillsborough County Taxes Information is attached hereto as **Exhibit "F"**.

**ARGUMENT**

15. Movant asserts that the Property may be diminishing and decreasing in value and may continue

to do so by virtue of the continued use of the Property by the Debtor and/or unknown parties in interest, without payments to Movant.

16. Movant is entitled to pursue its non-bankruptcy rights with respect to the Property.

17. It is universally accepted that "Section 362(d)(1) and 362(d)(2) are disjunctive; the Court *must* lift the stay if the movant prevails under either of the two grounds." *In re Kaplan Breslaw Ash*, 264 B.R. 309, 321 (Bankr. S.D.N.Y. 2001) (emphasis added); see also *In re Albany Partners*, 749 F.2d 670, 673 (11th Cir. 1984) (noting the alternative grounds for stay relief).

18. In the present case, Movant is entitled to stay relief under § 362(d)(1), since Movant's interest in the Property is not being adequately protected. Additionally, Movant is entitled to relief from the stay under § 362(d)(2) because there is no equity in the Property and the Property is not necessary for an effective reorganization of the Debtor.

19. Section 362(d)(1) of the Bankruptcy Code provides for lifting of the automatic stay "for cause," and a movant bears the initial burden to demonstrate that "cause exists." 11 U.S.C. § 362(d)(1). As explained by the Bankruptcy Courts, "[u]pon motion to lift or modify the automatic stay, burden of proof is a shifting one, with the movant having the burden of making initial showing of 'cause,' and debtor having the ultimate burden of proof on all issues other than debtor's equity in property." *In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D.N.J. 1999); *see also* 11 U.S.C. § 362(g).

20. A debtor's failure to provide adequate protection of a creditor's interest is a classic basis for granting relief from the stay for cause. See *In re McGaughey*, 24 F.3d 904, 906 (7th Cir. 1994); *see also, e.g., In re Telegroup,* 237 B.R. at 91. A creditor can establish its case quantitatively, i.e., by demonstrating the decline in the value of the creditor's interest in the debtor's property.

21. In the instant case, Movant is entitled to adequate protection in any form and Movant's collateral continues to depreciate in value due to continued, uncompensated use by the Debtor.

Accordingly, absent adequate protection, cause exists to lift the automatic stay so that Movant may exercise its non-bankruptcy rights with respect to the Property.

22. If the Court lifts the stay that it should also waive the requirement of Bankruptcy Rule 4001(a)(4), therefore allowing an Order to be effective upon this Honorable Court's signature and Movant to pursue its *in rem* remedies without further delay.

**WHEREFORE,** Movant, respectfully requests that this Court enter an Order (i) granting Movant's relief from the automatic stay as U.S. Bank Trust National Association, as Trustee of BKPL-EG Holding Trust, so as to allow Movant to enforce its *in rem* remedies against the Property, (ii) waiving the time requirements under Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure so that it may commence and/or complete state court foreclosure proceedings, and allow the state court to enter all necessary orders, judgments, and decrees associated therewith, (iii)  binding the Debtor in the event of a conversion; and (iv) together with such other relief that this Honorable Court may deem just and proper.

**Dated:**  7/6/2026

Respectfully Submitted,

**GHIDOTTI | BERGER, LLP**
*Attorneys for Secured Creditor*
10800 Biscayne Blvd., Suite 201
Miami, FL 33161
Telephone: 305.501.2808
Facsimile: 954.780.5578
bknotifications@ghidottiberger.com

By: /s/ Melbalynn Fisher
Melbalynn Fisher, Esq. (FL Bar #107698)

*Case No.: 8:26-bk-05280-CED*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on ____7/6/2026_____, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day, either via transmission of Notice of Electronic Filing generated by CM/ECF or by first class U.S. Mail, upon:

*Debtor*
Brian Peter Troiano
12191 W. Linebaugh Ave., PMB #512
Tampa, FL 33626

*Debtor's Counsel*
Thomas A Nanna PA
PO Box 66626
St. Pete Beach, FL 33736
Email: thomas@nannalaw.com

*Trustee*
Katelyn Vinson
606 East Madison Street
Tampa, FL 33602

*U.S. Trustee*
United States Trustee - TPA7/13
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

By: /s/ Melbalynn Fisher
Melbalynn Fisher, Esq.